J-S14015-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN MICHAEL JOHNSON | : | |
| | : | |
| Appellant | : | No. 1229 MDA 2025 |

Appeal from the PCRA Order Entered August 20, 2025
In the Court of Common Pleas of Bradford County Criminal Division at
No(s):  CP-08-CR-0000383-2024

BEFORE:  KUNSELMAN, J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED JULY 08, 2026**

John Johnson appeals from the order denying his first petition for relief pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  We affirm.

The pertinent facts and procedural history are as follows.  On April 15, 2024, police charged Johnson with retail theft (second offense) and harassment after he took items from a convenience store and threatened to physically harm the manager.  On July 3, 2024, Johnson waived his preliminary hearing, and later that month waived arraignment.  The Commonwealth filed its information on July 9, 2024.  On October 28, 2024, Johnson entered an open *nolo contendere* plea to the retail theft charge with the understanding that the harassment charge would be dismissed at sentencing.  On February 24, 2025, the trial court sentenced Johnson to two

to twenty-four months on the retail theft charge, to run consecutively to a three to six-year state sentence he was then serving; the harassment charge was dismissed. Johnson filed neither a post-sentence motion nor a direct appeal.

Johnson filed a *pro se* PCRA petition on April 7, 2025, in which he claimed that prior to his preliminary hearing he "was threatened by District Attorney Richard Wilson on July 2nd 2024 to either waive my prelim or face multiple felony charges and have my bail pulled [immediately]." PCRA Petition, 4/7/25, at 4. Johnson further asserted that he was not given a colloquy at the plea or sentencing hearings, and that both the district attorney and plea counsel had a conflict of interest. Finally, Johnson stated that he was "filing for ineffective assistance for not following [sic] post conviction sentence modification." *Id.* at 5.

The PCRA court appointed counsel, and, on June 24 2025, PCRA counsel filed an amended petition. In his amended petition, Johnson claimed that plea counsel was ineffective for advising him that, if he did not take the plea agreement, he would be charged with felonies, and in advising him that if he did not plead *nolo contendere* to retail theft his bond would be "pulled[.]" Amended PCRA Petition, 6/24/25, at 3. According to Johnson, he "was wholly persuaded to take the no-contest plea given counsel's actions and statements," and, therefore, his "plea of no contest was not knowing, intelligent or voluntary." *Id.* at 3-4.

On July 28, 2025, the PCRA court issued a Criminal Rule 907 notice of its intent to dismiss Johnson's amended petition without a hearing. Johnson filed a counseled response. By order entered August 20, 2025, the PCRA court dismissed Johnson's petition. This appeal followed. Both Johnson and the PCRA court have complied with Appellate Rule 1925.[1]

Johnson raises the following issue on appeal:

1. Did the court err in concluding that [Johnson's] PCRA claims, as a matter of law, did not merit a hearing; or rather that [Johnson's] claims were blatantly frivolous and without a trace of support in the record?

Johnson's Brief at 4 (excess capitalization omitted).

This Court's standard of review for an order dismissing a PCRA petition is to ascertain whether the order "is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Barndt*, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

> The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of material fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

---

[1] In lieu of a Rule 1925(a) opinion, the PCRA court relied on its reasons expressed in its Rule 907 notice as well as its order denying Johnson's petition.

*Commonwealth v. Blakeney*, 108 A.3d 739, 749-50 (Pa. 2014).

Johnson asserts plea counsel's ineffectiveness caused him to enter an unlawful plea. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish, by a preponderance of the evidence, that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." *Id.* This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) counsel's action or omission prejudiced the petitioner. *Id.* at 533.

With respect to guilty pleas, we further note that:

> Allegations of ineffectiveness in connection with the entry of a guilty plea would serve as a basis for relief only if the ineffectiveness caused the defendant to enter into an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

> The standard for post-sentence withdrawal of guilty pleas dovetails with the arguable merit/prejudice requirements for relief based on a claim of ineffective assistance of plea counsel, . . . under which the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating the entry of an unknowing, involuntary, or unintelligent plea. This standard is equivalent to the "manifest injustice" standard applicable to all post-sentence motions to withdraw a guilty plea.

*Commonwealth v. Kelley*, 136 A.3d 1007, 1012-13 (Pa. Super. 2016) (citations omitted).

Moreover, "[o]ur law presumes that a defendant who enters a guilty plea was aware of what he was doing," and "[h]e bears the burden of proving otherwise." *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003) (citations omitted).

The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradicts the statements he made at his plea colloquy. *Id.* On appeal, this Court evaluates the adequacy of the plea colloquy and the voluntariness of the resulting plea by looking at the totality of the circumstances. *Commonwealth v. Yeomans*, 24 A.3d 1044, 1047 (Pa. Super. 2011).

In support of his issue on appeal, Johnson asserts that "his no-contest plea was not voluntary because [plea counsel] improperly and ineffectively advised him that if he did not take the plea agreement, he would be charged with felonies and his bond would be pulled." Johnson's Brief at 8. He further asserts that the PCRA court abused its discretion in dismissing his petition without first holding a hearing. According, to Johnson, he was entitled to a hearing so that he could explain why he answered "no" when asked if any "force or threats" caused him to enter his plea. *Id.* at 10. We disagree.

In its Rule 907 notice, the PCRA court concluded that the record refuted Johnson's ineffectiveness claim:

Here, in direct contrast with [Johnson's] allegations, the written plea colloquy and the oral colloquy conducted by the trial court confirm in great detail and with great certainty the voluntariness of [Johnson's] plea. In writing, [Johnson] confirmed that, among other things, (i) no one promised him anything to plead, (ii) no one threatened him to plead, (iii) he discussed the case thoroughly with [plea counsel], including possible defenses, (iv) he was satisfied [plea counsel] knew everything he needed to know about the case, and (v) he was satisfied with [plea counsel's] representation. The written guilty plea colloquy and oral plea [colloquy] also confirmed the knowing and voluntary nature of [Johnson's] plea by ensuring he understood (i) his presumption of innocence, (ii) his right to have a trial, (iii) the elements of the crime and the maximum penalties, (iv) that any attempt by him to withdraw his plea would result in substantial prejudice to the Commonwealth, (v) the factual basis that established the crime of retail theft and (vi) that he agreed to not contest the material facts.

[Johnson] may not contradict what he said at his plea hearing. Rather, a defendant is bound by the statements he makes during his plea colloquy. The law only requires that a plea be knowing, voluntary, and intelligent, not that the defendant be subsequently pleased with the outcome of his decision to plead no contest.

Even if [plea] counsel made the alleged off-the-record statements to [Johnson] about the possibility of the Commonwealth filing new charges or seeking to revoke bail, the record unequivocally confirms the voluntariness of [Johnson's] plea. As such, [Johnson's] claim of ineffectiveness of counsel cannot stand, as a matter of law.

Order, 7/28/25, at 1-2 (unnumbered) (quotation marks and citations omitted; formatting altered).

In its order denying Johnson's petition, the PCRA court addressed Johnson's claim in his Rule 907 response that he should be given an

opportunity to explain what he interpreted "force or threats" to mean. The court explained that Johnson's claim regarding the advice given by plea counsel contradicted his sworn statement in his *pro se* petition that the district attorney threatened him. Moreover, even if plea counsel had given the contested advice, it was no more than plea counsel's communicating to Johnson the Commonwealth's intentions if he decided to proceed to trial. The court explained:

> To be clear, there is no allegation by [Johnson] that [plea counsel] lied to him about the Commonwealth's intentions or otherwise fabricated the alleged advisory information. Rather, [Johnson] simply contends that, having been advised of what [plea counsel] thought would happen if he did not plead guilty, based presumably on plea negotiations with the Commonwealth, [Johnson] decided to plead no contest to Retail Theft. The [PCRA] court assumed the veracity of [Johnson's] allegations that [plea counsel] advised him that the Commonwealth was going to add a felony charge and that he expected [Johnson's] bail to be revoked when it issued its notice of intention to dismiss [Johnson's amended PCRA petition] without a hearing. Such assumed findings do not compel the granting of [Johnson's] requested relief.
>
> Notwithstanding the foregoing, and despite the [PCRA] court accepting [Johnson's] allegations directed toward [plea counsel], the following written statement by [Johnson] in his *pro se* [PCRA petition] wholly undermines the legitimacy of [Johnson's] factual and legal position: "I was threatened by District Attorney Richard Wilson on July 2nd 2024 to either waive my prelim [sic] or face multiple felony charges and have my bail pulled immediately[.]" (underline added).
>
> Thus, according to [Johnson's] sworn written statement, the information that he now claims was communicated to him by [plea counsel] was previously communicated to him directly by District Attorney Richard Wilson, Esq. at the preliminary hearing. [Johnson] may not maintain an ineffective assistance of counsel claim against [plea counsel] based on [plea counsel] sharing with

[Johnson] information that District Attorney Wilson delivered directly to [Johnson] months earlier.

Order, 8/20/25, at 1-2 (citations omitted).

Our review of the record supports the PCRA court's conclusions. Johnson fully participated in an oral colloquy with the court, acknowledged his completion of an extensive written plea colloquy, and stated that he was voluntarily entering his no-contest plea. *See* Written Plea Colloquy, filed 10/30/24, at 4 (Johnson acknowledging that no promises, force or threats were made to get him to plead guilty); N.T., 10/24/24, at 4 (Johnson acknowledging that, based on everything that the trial court and Johnson discussed, as well as everything that Johnson discussed with plea counsel, it was still Johnson's intention to plead no-contest to retail theft). Johnson, is bound by these answers, *Pollard*, *supra*, and he cites no authority that would permit him to further explain them.

In sum, our review of the record supports the PCRA court's conclusion that the record refuted Johnson's claim of plea counsel's ineffectiveness, and that an evidentiary hearing was not warranted. We therefore affirm the PCRA court's order denying Johnson post-conviction relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 07/08/2026